DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

CENTRAL MORTGAGE COMPANY, )
a corporation organized and existing under )
the laws of Arkansas, )
                                                                                                                     )
              **Plaintiff,** )
                                            )
                v. )                  Civil Action No. 2014-0089
                                            )
**TRENT R. WALDO and KERRY A. WALDO,** )
                                            )
              **Defendants.** )
                                            )

**Attorney:**
**Johanna Harrington, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

# MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" filed by Plaintiff Central Mortgage Company, a corporation organized and existing under the laws of Arkansas ("Central Mortgage") against Defendants Trent R. Waldo and Kerry A. Waldo (the "Waldos").[1] (Dkt. No. 23). For the reasons discussed below, the Court will grant Plaintiff's Motion for Default Judgment.

## I. BACKGROUND

On October 31, 2014, Central Mortgage filed a Complaint against the Waldos, alleging causes of action for debt and foreclosure of real property mortgage. (Compl., Dkt. No. 1).

---

[1] Central Mortgage initially named "Unknown Tenant in Possession 1" and "Unknown Tenant in Possession 2" as Defendants because "there may be tenant(s) residing in the Mortgaged Property having an unrecorded leasehold interest" in the Property that needed to be foreclosed. (Dkt. No. 1¶ 6). Upon learning that the Property was vacant, Central Mortgage dismissed these Defendants. (Dkt. No. 14).

Central Mortgage asserts that the Waldos are titleholders of record to real property (collectively, "the Property"), which is described in the Complaint as:

> Plot No. 28 Estate Boetzberg
> East End Quarter "A"
> St. Croix, U.S. Virgin Islands
> consisting of 0.2365 U.S. acre, more or less
> as more fully shown on OLG Drawing No. 1229-F dated
> September 24, 1963, revised May 9, 1996
>
> and
>
> Plot No. 29 Estate Boetzberg
> East End Quarter "A"
> St. Croix, U.S. Virgin Islands
> consisting of 0.2346 U.S. acre, more or less
> as more fully shown on OLG Drawing No. 1229-F dated
> September 24, 1963, revised May 9, 1996

*Id.* ¶ 10. The Complaint alleges that, on December 13, 2010, Trent Waldo executed and delivered a promissory note (the "Note") to the Payee named thereon (Flagstar Bank FSB), which obligated him to pay the principal amount of $220,000.00, at an interest rate of 4.875% per annum in equal monthly installments of $1,164.26. *Id.*, ¶ 7. The Complaint alleges that Central Mortgage owns and holds the Note and is entitled to enforce it. *Id.* ¶ 9. To secure payment on the Note, the Waldos granted to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Flagstar, a mortgage dated December 13, 2010 over the Property (the "Mortgage"). On September 9, 2014, the Mortgage was assigned to Central Mortgage. *Id.* ¶ 11.

The Complaint further alleges that, on or about January 1, 2013, Trent R. Waldo defaulted under the terms and conditions of the Note, and the Waldos defaulted under the terms of the Mortgage, in that the monthly payment, and all subsequent payments, were not made. *Id.* ¶ 13. Central Mortgage elected to declare the entire unpaid principal sum with all unpaid accrued interest and late charges due and payable. *Id.* ¶ 14. The Complaint alleges that Central Mortgage

is owed $210,935.32 plus interest until the date of judgment, with interest accruing thereafter at the statutory rate. *Id.* Central Mortgage asserts that, during the pendency of the action and prior to the foreclosure sale, it may be required to pay insurance premiums, taxes, or other charges with regard to the Property, as well as costs and fees, including reasonable attorney's fees, which become part of the principal indebtedness. *Id.* ¶¶ 15. Central Mortgage seeks principal and interest due and other fees incurred in collecting the debt; foreclosure of the Property; a personal judgment against Trent R. Waldo for any deficiency; and possession of the Property at the foreclosure sale. *Id.* pp. 4-5.

The Waldos were personally served with copies of the Summons and Complaint on December 12, 2014. (Dkt. Nos. 10, 11). They have neither answered the Complaint nor appeared in this action. On January 16, 2015, Central Mortgage filed an Application for Entry of Default against the Waldos. (Dkt. No. 16). The Clerk of Court entered default against the Waldos on January 22, 2015. (Dkt. No. 17).

On April 3, 2015, Central Mortgage filed the instant Motion for Default Judgment (the "Motion") (Dkt. No. 23), which contained a Memorandum of Law in Support of its Motion, an Affidavit of Indebtedness, and supporting documentation. In its Memorandum of Law, Central Mortgage argues that default judgment is appropriate because the documentation provided shows that the Waldos are not members of the United States Armed Forces, and they are neither minors nor incompetent. (Dkt. No. 23 at 6). Central Mortgage points out that Trent Waldo executed the Note and the Waldos executed the accompanying Mortgage; that the Waldos defaulted under the terms of the Note and Mortgage by failing to make payments; and, that as of the date of the Motion, the Waldos had failed to cure the continuing default. *Id.* In addition, Central Mortgage asserts that it is the holder of the Note and Mortgage, and that it has met the requirements under

the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000), thus entitling it to default judgment. *Id.* at 7.

In support of its Motion, Central Mortgage filed an Affidavit of Indebtedness, signed by Teresa Swayze, Assistant Vice President of Central Mortgage, who explained how the company's document management system keeps track of, and maintains records related to, the loan, and that she had personal knowledge of those procedures. (Dkt. No. 23-4, ¶¶ 2, 3). The Affidavit sets forth the amounts due and owing through March 4, 2015: $210,935.32 in unpaid principal balance; interest from December 1, 2012 through March 4, 2015 of $23,212.08; tax disbursements for 2012 and 2014 of $875.95; insurance disbursements for 2013 and 2014 of $7,828.51; property inspection and preservation fees of $1,753.00; minus $1,289.16 in escrow balance; and a total amount due of $243,315.70. *Id.* ¶ 8. Ms. Swayze asserts that interest accrues at the rate of $28.17 per day "unless there is an interest rate change set forth in the Note. The aforementioned per diem interest will then accrue on the principal until the next interest rate change date and accrue thereafter in accordance with the variable rate set forth in the Note." *Id.* Finally, Central Mortgage stated that it was not seeking attorney's fees and costs at this time. *Id.* ¶ 9.

## II.  APPLICABLE LEGAL PRINCIPLES

In a motion for default judgment, "'the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment.'" *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Parties are not entitled to an entry of

default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). In the context of a grant of default judgment pursuant to Federal Rule of Civil Procedure 55, "'[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Star Pacific Corp.,* 574 F. App'x at 231 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

A motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

### III.   ANALYSIS

Central Mortgage has satisfied all of the requirements necessary to obtain a default judgment against the Waldos. It has shown that: (1) default was entered against the Waldos by the Clerk of Court (Dkt. No. 17); and (2) the Waldos have not appeared. Further, in the

Declaration of Counsel, Central Mortgage's attorney, Johanna Harrington, Esq. averred, upon information and belief, that the Waldos were over the age of eighteen and were competent. (Dkt. No. 23-6, ¶¶ 7, 8), *see FirstBank Puerto Rico v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (holding that counsel's "information and belief" are sufficient grounds upon which to find that a non-appearing defendant is not a minor or incompetent person for the purposes of obtaining a default judgment). The record also shows that the Waldos were validly served with process. (Dkt. Nos. 10, 11). In addition, Central Mortgage provided copies of Military Status Reports from the Department of Defense Manpower Data Center showing that Trent Waldo and Kerry Waldo are not members of the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 23-5). Central Mortgage has also shown with specificity how it calculated the amount of the monies due. (Dkt. No. 23-4).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Central Mortgage resulting from the Waldos' breach of their contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. Moreover, the Waldos' default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate.

## IV.  CONCLUSION

Based upon the foregoing, the Court finds that Central Mortgage has satisfied the requirements necessary for entry of default judgment against Defendants Trent R. Waldo and Kerry A. Waldo. Accordingly, Plaintiff's Motion for Default Judgment (Dkt. No. 23) on its debt and foreclosure causes of action will be granted.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: February 26, 2016                           _____/s/_____
                                                  WILMA A. LEWIS
                                                  Chief Judge